## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SUSAN LAFAYETTE,

         Plaintiff,

    vs.                                 No. CIV 04-0522 LH/RHS

DAN COBB and STANDARD INSURANCE
COMPANY,

         Defendants

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Standard Insurance Company's Motion to Dismiss (Docket No. 7), Defendant Dan Cobb's Motion to Dismiss (Docket No. 16), and the Plaintiff's Motion to File a First Amended Complaint (Docket No. 12).  The Court, having considered the pleadings submitted by the parties, the arguments of counsel, the applicable law, and otherwise being fully advised, finds that Defendant Standard Insurance Company's motion is **well taken in part** and should be **granted in part and denied in part**, that Defendant Cobb's motion is **well taken** and should be **granted**, and that the Plaintiff's motion is **not well taken** and should be **denied**.

I.  Subject Matter Jurisdiction and the Propriety of Removal

       The Plaintiff filed this suit in the State of New Mexico's Second Judicial District Court, alleging only state law causes of action.  Defendant Standard Insurance Company [hereinafter

"Standard"] nonetheless removed the action to this Court pursuant to 28 U.S.C. § 1441.  Standard alleges that, despite the manner in which the Plaintiff pled the causes of action alleged in her complaint, they are in fact governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* [hereinafter "ERISA"].  Standard argues that the Plaintiff's claims therefore "arise under" that federal statute, creating original federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and the suit is properly removable to this Court pursuant to 28 U.S.C. § 1441(b).

Defendant Standard's removal of the action to this court has not been challenged, and the Plaintiff has not moved to remand it to state court.  However, because only those cases in which a federal court would have had original jurisdiction over the subject matter may be removed to federal court, 28 U.S.C. § 1441, the propriety of the removal and this Court's subject matter jurisdiction over the action must be determined nonetheless.  *Louisville & N. R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Tafoya v. United States Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984).

ERISA governs "any employee benefit plan if it is established or maintained by any employer engaged in commerce...."  29 U.S.C. § 1003(a)(1).  One type of "employee benefit plan" is an "employee welfare benefit plan," 29 U.S.C. § 1002(3), the definition of which can be broken down into five elements: "(1) 'a plan, fund, or program' (2) established or maintained (3) by an employer...(4) for the purpose of providing medical, surgical, [or] hospital care...benefits...(5) to participants or their beneficiaries."  *Peckham v. Gem State Mut.*, 964 F.2d 1043, 1047 (10th Cir. 1992), *quoting* 29 U.S.C. § 1002(1).

"A 'plan, fund, or program' exists if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits."  *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 464

(10th Cir. 1997), *quoting* 29 U.S.C. § 1002(1).  The policies at issue here were purchased by the Plaintiff for the obvious purpose of providing disability benefits.  They define separate beneficiary classes.  Notice of Removal (Docket No. 1), Ex. D at 1; Ex. E at 1; Ex. F at 1.  They state that the "funding medium" is Defendant Standard and the "source of contributions is the "employer." Notice of Removal (Docket No. 1), Ex. D at 3; Ex. E at 2; Ex. F at 4.  They each outline the procedure for making claims.  Notice of Removal (Docket No. 1), Ex. D at 11-13; Ex. E at 13-15; Ex. F at 13-15.  The insurance policies in question therefore qualify as plans, funds, or programs for the purposes of ERISA.

"The 'established or maintained' requirement appears designed to ensure that the plan is part of an employment relationship" and "seeks to ascertain whether the plan is part of an employment relationship by looking at the degree of participation by the employer in the establishment or maintenance of the plan." *Peckham*, 964 F.2d at 1049, *quoting* 29 U.S.C. § 1002(1).  In this case, the Plaintiff's employer, Southwest Medical, either paid or facilitated payment of the premiums for the coverage at issue.  Notice of Removal (Docket No. 1), Ex. D at 1, 3; Ex. E at 1, 2; Ex. F at 1, 3-4; Ex. I.  Southwest Medical therefore "established or maintained" the policies in question for purposes of ERISA.

The third element is that the entity that established or maintained the plan be the participant's employer.  *Peckham*, 964 F.2d at 1047.  There has been no assertion that Southwest Medical is not the Plaintiff's employer, and it is listed as such on the policy documentation.  Notice of Removal (Docket No. 1), Ex. D at 1; Ex. E at 1; Ex. F at 1.  The third element has therefore been met.

The fourth element is that the employer established or maintained the plan for the purpose of providing, in this case, disability benefits.  *Peckham*, 964 F.2d at 1047.  The benefits at issue here,

disability benefits, are statutory employee benefits.  29 U.S.C. § 1002(1)(A).

Finally, the benefits must have been provided to "participants or their beneficiaries." *Peckham*, 964 F.2d at 1047, *quoting* 29 U.S.C. § 1002(1).  The term "participant" includes "any employee or former employee of an employer."  29 U.S.C. § 1002(7).  As discussed previously, the Plaintiff was an employee of Southwest Medical, which provided the benefits to her.  The final element has been met as well.

The benefits at issue in this case meet the definition of an employee welfare benefit plan, and are therefore governed by ERISA.  *Peckham*, 964 F.2d at 1047.  That, however, does not end the inquiry.  The Plaintiff pleaded state law claims in her complaint, not ERISA claims.  "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Of course, only those causes of action that arise under a federal statute give rise to federal question jurisdiction.  28 U.S.C. § 1331.

The fact that the Plaintiff's claims are "governed by ERISA," *Peckham*, 964 F.2d at 1047, or even preempted by that statute, as the Defendants claim in their motions to dismiss, does not necessarily create federal subject matter jurisdiction.  "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit.  As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.  One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  *Metro. Life Ins. Co.*, 481 U.S. at 63.

The Plaintiff has conceded that her claims implicate ERISA, Pl.'s Resp. to Def. Standard's

Mot. to Dismiss at 1, and her proposed amended complaint states that the suit is brought pursuant to ERISA as well as New Mexico law.  Pl.'s Mot. to File First Am. Compl., Ex. 1 at 5.  Counts I and IV of the Plaintiff's complaint allege that she was denied benefits to which she was entitled under her ERISA plan.  These claims "duplicate[], supplement[], or supplant[] the ERISA civil enforcement remedy" and therefore "conflict[] with the clear congressional intent to make the ERISA remedy exclusive."  *Aetna Health Inc. v. Davila*, ___ U.S. ___, 124 S. Ct. 2488, 2495 (2004).  "Thus, the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'  Hence, 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'"  *Aetna Health Inc.*, 124 S. Ct. at 2496, *quoting Metro. Life Ins. Co.*, 481 U.S. at 65-66.

Due to the manner in which they are pled, it is unclear whether Counts II and III of the Plaintiff's complaint are also "within the scope of" ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  *Metro. Life Ins. Co.*, 481 U.S. at 65-66.  While even Counts II and III may be preempted by ERISA § 514, 29 U.S.C. § 1144, federal preemption other than the "complete preemption" of § 502(a)(1)(B) is a defense that does not appear on the face of a well-pleaded complaint.  The preemption defense is therefore insufficient to create federal question jurisdiction over the subject matter, *Louisville & Nashville R. Co.*, 211 U.S. at 152, and allow removal to federal court, *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983).  In that event, however, this Court may still exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a), because Counts I and IV fall "within the scope of" ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  *Metro. Life Ins. Co.*, 481 U.S. at 65-66.

The Plaintiff's claims are also removable to this Court based upon the "artful pleading" doctrine, to the extent that there remains a difference between it and the complete preemption doctrine. A corollary to the well-pleaded complaint rule, the "artful pleading" doctrine "provides that a plaintiff cannot frustrate a defendant's right of removal by carefully pleading the case without reference to any federal law.  Although it is true that the plaintiff is considered the master of his complaint and may choose not to assert a federal right that is available and thus rely only on rights created under state law, when the causes of action in the plaintiff's complaint, if properly pled, would make the case removable, the plaintiff cannot disguise inherently federal causes of action."  WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3722 at 436.

As applied in this case, the "artful pleading" doctrine bears significant resemblance to the complete preemption doctrine.  According to the former rule, the Plaintiff "may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996).  Because the Plaintiff's claims are either "within the scope of" ERISA § 502(a)(1)(B), *Metro. Life Ins. Co.*, 481 U.S. at 65-66, or subject to supplemental jurisdiction, 28 U.S.C. § 1367(a), the Plaintiff's artfully pled complaint will not be permitted to defeat removal by including only state law causes of action.

For the foregoing reasons, the Court is satisfied that it has federal question jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).  Defendant Standard's removal of the action was therefore appropriate.

## II.  Defendant Standard's Motion to Dismiss

## A.  Federal Preemption

Defendant Standard has moved to dismiss each of the Plaintiff's claims for failure to state a claim upon which relief can be granted because they are preempted by ERISA. The issue presented at this stage, once the case has been properly removed because the Plaintiff's claims are "completely preempted," *Schmeling*, 97 F.3d at 1338, is whether those claims, having been "converted" to federal claims for the purposes of removal, *Aetna Health Inc.*, 124 S. Ct. at 2496, remain sufficiently federal in nature to state a federal cause of action and survive the Defendants' motions to dismiss. This is so because "[r]emoval based on 'complete' preemption...rests on a legal inquiry that is separate from an assessment of the merits of a defendant's 'ordinary' preemption defense, although there is significant overlap between the two inquiries." *Schmeling*, 97 F.3d at 1338.

"The fact that a defendant might ultimately prove that a plaintiff's claims are preempted... does not establish that they are removable to federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398 (1987). The rationale for that conclusion does not, however, require its converse. A defendant's "ordinary preemption defense," *Schmeling*, 97 F.3d at 1338, is valid in state courts and against state law claims, but more is required for federal courts to exercise subject matter jurisdiction. 28 U.S.C. § 1331; 28 U.S.C. § 1441(b).

The civil enforcement provision of ERISA, 29 U.S.C. § 1132(a)(1)(B), carries the "extraordinary pre-emptive power" sufficient to "convert[] an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co.*, 481 U.S. at 65-66. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc.*, 482 U.S. at 393.

The Tenth Circuit follows the "replacement preemption" model of the complete preemption

doctrine, which holds that "courts permit removal only if congressional intent to allow removal is manifested by the replacement of the state law cause of action with a federal cause of action." *Schmeling*, 97 F.3d at 1342.  If the Plaintiff's state law claims did not state federal causes of action, this Court would not have subject matter jurisdiction over them.  By the same token, because those claims state federal causes of action, those causes of action are not subject to dismissal on preemption grounds.

Defendant Standard has nonetheless moved to dismiss the Plaintiff's complaint, arguing that her claims are preempted by ERISA.  *Carland v. Metro. Life Ins. Co.*, 935 F.2d 1114 (10th Cir. 1991), *cert. denied*, 502 U.S. 1020, precludes that result.  In *Carland*, the plaintiff filed suit in state court for wrongful denial of insurance proceeds.  The defendant insurance company removed the suit to federal court.  The district court found that the plaintiff's state law cause of action stated a claim under ERISA, which was properly removed by the defendant.  The court then granted the plaintiff's motion for summary judgment.  The Court of Appeals affirmed that result.  Noting that, "[a] state law claim will convert to a federal claim only if the claim is preempted by ERISA and within the scope of ERISA's civil enforcement provisions," the court held that, "[b]ecause [the plaintiff's] state claim to recover benefits under the group policy falls within the scope of ERISA's civil enforcement provision and is preempted by ERISA, the claim against [the defendant] is converted to an ERISA claim over which we have removal jurisdiction."  *Id.* at 1118-19.

While the court did not expressly hold that a state law cause of action that is "converted" to an ERISA claim over which federal courts may exercise removal jurisdiction remains "converted" on its merits, it did go on to decide the case on its merits, affirming the grant of summary judgment in favor of the plaintiff.  *Id.* at 1122.  It obviously could not have done so if either a removed state

law claim was governed by state law once removed or if a state law claim was "converted" to an ERISA cause of action only for the purposes of removal jurisdiction and then subject to a federal preemption defense.

It seems that the Defendant Standard's motions to dismiss would likely have been well taken in the state court because the Plaintiff's state law causes of action have been preempted by ERISA. Having removed the case to this Court, however, Defendant Standard cannot have its cake and eat it too. This Court has subject matter jurisdiction because the civil enforcement provisions of § 502(a) of ERISA *convert* state claims into federal causes of action. *Aetna Health Inc.*, 124 S. Ct. at 2496. It would be anomalous indeed to permit a defendant to both remove a case to federal court because the state law cause of action has been converted into a federal claim and then have it dismissed because the area of law into which the plaintiff's claims fall have been preempted by federal law. One or the other result is perfectly reasonable, and in fact required by the precedent. Both at once, however, would defy both logic and equity.

This is true, of course, only to the extent that the Plaintiff's state law claims are "converted" to a § 502(a)(1)(B) claim for "benefits due to [her] under the terms of [her] plan." 29 U.S.C. § 1132(a)(1)(B). Claims arising under other sections of ERISA were properly removed to this Court by virtue of supplemental jurisdiction, 28 U.S.C. § 1367(a), or the "artful pleading" doctrine. They are not, however, subject to "complete preemption," *Schmeling*, 97 F.3d at 1338, which also creates removal jurisdiction. *Aetna Health Inc.*, 124 S. Ct. at 2496. Because claims arising under an ERISA provision other than § 502(a)(1)(B) are not "completely preempted," *Schmeling*, 97 F.3d at 1338, they remain subject to the "'ordinary' preemption defense." *Id.*

The Court finds that Count IV of the Plaintiff's complaint, the claim for breach of contract

against Defendant Standard, is, properly construed, a claim for benefits the Plaintiff alleges she is due under her ERISA plan.  Because it is subject to "complete preemption," *Schmeling*, 97 F.3d at 1338, it is converted into a § 502(a)(1)(B) claim, and states a claim upon which relief can be granted under that section, to the extent that those benefits are due under the contract.  Count III, on the other hand, seeks other relief, and is preempted by ERISA.  29 U.S.C. § 1144(a).  Defendant Standard's motion must therefore be granted as to Count III but denied as to Count IV.

## B.  Extra-contractual Damages

Defendant Standard has also moved to dismiss the Plaintiff's claims for extra-contractual damages.  The Plaintiff's complaint seeks "general, specific, actual and consequential damages" from both Defendants, "exemplary and statutory damages" against Defendant Cobb, as well as costs, attorneys' fees, tax, and prejudgment interest.  Pl.'s Compl. at 5.

"A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § (a)(1)(B).  In other words, the only relief to which the Plaintiff is entitled, should she prevail, are damages in the amount of the benefits improperly denied.  The Plaintiff has not pled a cause of action that would permit statutory damages, *e.g.* 29 U.S.C. § 1132(c), and none are available to her.  "Nowhere does [ERISA] allow consequential or punitive damages.  Damages are limited to the recovery of 'benefits due...under the terms of the plan.'"  *Conover v. Aetna US Health Care, Inc.*, 320 F.3d 1076, 1080 (10th Cir. 2003), *quoting* 29 U.S.C. § 1132(a)(1)(B).

To the extent that the Plaintiff's complaint seeks statutory, consequential, exemplary, or

punitive damages, it fails to state a claim upon which relief can be granted because such remedies are not recoverable under ERISA.  Defendant Standard's motion to dismiss must therefore be granted.  Attorney's fees and costs, however, are recoverable in some circumstances, at the Court's discretion.  "In any action under this subchapter...the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  With regard to attorney's fees and costs, Defendant Standard's motion must therefore be denied.


## III.  Defendant Cobb's Motion to Dismiss

## A.  Federal Preemption

Defendant Dan Cobb has moved to dismiss Counts I, II, and III of the Plaintiff's complaint on the ground that they fail to state a claim on which relief can be granted.  Def. Cobb's Mot. to Dismiss (Docket No. 16).  He argues, in part, that each of these counts is preempted by ERISA and must therefore be dismissed.  To the extent that Defendant Cobb's motion seeks dismissal based on federal preemption, it has been discussed in detail above.

Count I of the Plaintiff's complaint, the breach of contract claim against Defendant Cobb, is a claim for benefits the Plaintiff alleges she is due under her ERISA plan.  Because it is subject to "complete preemption," *Schmeling*, 97 F.3d at 1338, it is converted into a § 502(a)(1)(B) claim, and states a claim upon which relief can be granted under that section, to the extent that those benefits are due under the contract.  Counts II and III, on the other hand, seek other relief, and are preempted by ERISA.  29 U.S.C. § 1144(a).  Defendant Cobb's motion must therefore be denied as to Count I, but granted as to Counts II and III.

B.  Failure To State A Claim Upon Which Relief Can Be Granted

Even if the Plaintiff is entitled to recover damages for benefits to which she was entitled under her ERISA plan, in the event that she proves liability, it does not follow that she is entitled to recover those damages from Defendant Cobb.  As an agent of Defendant Standard, Defendant Cobb was not the Plaintiff's employer, 29 U.S.C. § 1002(5), plan sponsor, 29 U.S.C. § 1002(16)(B), or the plan administrator, 29 U.S.C. § 1002(16)(A).  Notice of Removal (Docket No. 1), Exs. D, E, F.  ERISA permits a plan participant to bring a civil action to recover "benefits due to [her] under the terms of [her] plan."  29 U.S.C. § 1132(a)(1)(B).  However, the Plaintiff is not, and was never, "due" anything from Defendant Cobb is his individual capacity.  The Plaintiff's § 502(a)(1)(B) claim against Defendant Cobb therefore fails to state a claim upon which relief can be granted, and his motion to dismiss it will be granted.

IV.  Plaintiff's Motion to Amend Complaint

Finally, the Plaintiff has moved to amend her complaint to add explicit references to ERISA and to extend the final breach of contract claim to Defendant Cobb as well.  The Defendants are correct that such amendments would be futile, but not for the reasons they suggest.  As has been described in detail, and will not be repeated here, the Plaintiff's claims have been "converted" to ERISA causes of action for improper denial of benefits to which she was entitled by virtue of the preemptive nature of that statute.  *Aetna Health Inc.*, 124 S. Ct. at 2496; *Carland*, 935 F.2d at 1118-19.  To the extent that her complaint pleads state claims or seeks additional or different relief, it is preempted and fails to state a claim upon which relief can be granted.  Amending the complaint to make explicit reference to ERISA, and only a general reference (i.e. 29 U.S.C. § 1000, *et seq.*) at that,

would be futile.  As such, leave to amend the complaint need not be given.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Secondly, as discussed above, even if the Plaintiff is able to recover for "benefits due to [her] under the terms of [her] plan," 29 U.S.C. § 1132(a)(1)(B), she cannot recover those benefits from Defendant Cobb.  Amending the complaint to add an additional claim against him would therefore be futile as well.  The Plaintiff's motion is denied.

**IT IS, THEREFORE, ORDERED** that Defendant Standard Insurance Company's motion to dismiss on federal preemption grounds is **denied**.

**IT IS FURTHER ORDERED** that Defendant Standard Insurance Company's motion to dismiss the Plaintiff's claims for extra-contractual damages is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendant Cobb's motion to dismiss on federal preemption grounds is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendant Cobb's motion to dismiss the Plaintiff's breach of contract claim for failure to state a claim upon which relief can be granted is **granted**.

**IT IS FURTHER ORDERED** that final judgment be entered in favor of Defendant Cobb.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Amend her complaint is **denied**.

**IT IS SO ORDERED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

-13-