**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SUSAN LAFAYETTE, M.D.,

      Plaintiff,

    -vs-                                                                                 No. CIV 04-0522 LH/RHS

DAN COBB and STANDARD INSURANCE
COMPANY,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant Standard Insurance Company's Motion for Attorneys' Fees Under ERISA, 29 U.S.C. §1132(G) (Docket No. 65). The Court, having considered the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion is not well taken and will be **denied**.

      The Court granted Defendant's Motion for Judgment on the ERISA Record and entered Final Judgment in favor of Standard Insurance Company (Standard) on July 27, 2005. On August 29, 2005, Standard moved for an award of attorney's fees of $36,288 against Plaintiff and her counsel, jointly and severally, pursuant to 29 U.S.C. § 1132(g). This subsection of the Employee Retirement Income Security Act of 1974 (ERISA) provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

While "it is clearly within a district court's sound discretion to determine whether a party is entitled to attorney's fees as the result of an action brought under ERISA," the granting of such an award "is not to be done as a 'matter of course.'" *Gordon v. United States Steel Corp.*, 724 F.2d 106, 108 (10th Cir. 1983)(quoting *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1265-66 (5th Cir. 1980)). Rather, in exercising its discretion the Court should consider the following factors, among others:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing party would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Id.* at 109 (citing *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980); *Iron Workers*, 624 F.2d at 1266; *Eaves v. Penn*, 587 F.2d 453, 465 (10th Cir. 1978)). These factors are "merely guidelines"; the Court "need not consider each" and "no single factor should be held dispositive." *McGee v. Equicor-Equitable HCA Corp.*, 953 F.2d 1192, 1209 n.17 (10th Cir. 1992)(citing *Gray v. New England Tel. & Tel. Co.*, 792 F.2d 251, 258 (1st Cir.1986)). Additionally, although the statute is silent on this issue, Tenth Circuit precedent

> suggests that a party must prevail in order to be considered for an award of attorney's fees and costs under ERISA. *See, e.g., Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 828 (10th Cir. 1996)(recognizing the statute permits an award to either party but declining to award fees or remand for the district court to determine the issue because the plaintiff did not prevail on any of his claims); *Arfsten v. Frontier Airlines, Inc. Ret. Plan for Pilots*, 967 F.2d 438, 442 n. 3 (10th Cir. 1992) (stating that arguments on attorney's fees were moot where party did not prevail); *Morgan v. Indep. Drivers Ass'n Pension Plan*, 975 F.2d 1467, 1471-72 (10th Cir. 1992) (declining to remand on attorney's fees issue for district court merely to state that the requesting party had not prevailed); *Anderson v. Emergency Med. Assocs.*, 860 F.2d 987, 992 (10th Cir. 1988) (characterizing a request for attorney's fees and costs by a party that did not prevail as "unsupportable"). *But see Gibbs v. Gibbs*, 210 F.3d

>491, 503 (5th Cir. 2000) (holding that "there is no absolute requirement that a party prevail in order to recover attorneys' fees" under ERISA).

A*ndrews v. Blue Cross Blue Shield of Neb. Employee Group Long Term Disability Ins. Plan*, 165 F. App'x 650, 655 (10th Cir. 2006)(unpublished)**.**

That Defendant Standard is the prevailing party in this matter is not disputed. In applying the *Gordon* factors, however, courts have awarded fees against an unsuccessful plaintiff "only rarely and reluctantly." *Herring v. Oak Park Bank*, No. 95-2623-JWL, 1997 WL 458417, at *2 (D. Kan. July 3, 1997)(citing Stephen R. Bruce, *Pension Claims: Rights and Obligations* 745-46 (2d ed. 1993)("In the rare instances when fees have been assessed against individual participants, the circumstances seem to parallel those in which sanctions may be assessed under Rule 11."); 2 Alba Conte, *Attorney Fee Awards* § 27.04 (1993)("[C]onsideration of these factors will seldom result in an assessment of fees against ERISA plaintiffs."); James F. Jorden, et al., *Handbook on ERISA Litigation* § 4.04[D][4] (2d ed. 1997)("In practice, courts have generally been quite willing to award attorney's fees to prevailing plaintiff-participants and reluctant to award fees to defendants who prevail against plaintiff-participants unless the suit was frivolous or brought in bad faith."); Martin Wald & David E. Kenty, *ERISA: A Comprehensive Guide* § 7.36 (Supp. 1996)("Courts have shown reluctance to award attorney fees to a prevailing defendant against plan participants."))(alteration in original). *See also, e.g.*, 1 MARY FRANCIS DERFNER & ARTHUR D. WOLF, COURT AWARDED ATTORNEY FEES § 10.03[3], at 10-40 & nn.52 & 53 (2004)("When a defendant has prevailed, the five-factor courts have traditionally denied fees on the basis of the five factors themselves, unless the claims of the plaintiff are unreasonable, frivolous, or brought in bad faith."(footnotes omitted)). As the Seventh Circuit has explained, "[a]lthough the five factors used as guidelines . . . do not explicitly differentiate between

3

plaintiffs and defendants, consideration of these factors will seldom dictate an assessment of attorneys' fees against ERISA plaintiffs":

> First, the "culpability" of a losing plaintiff significantly differs from that of a losing defendant. A losing defendant must have violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate. A losing plaintiff, on the other hand, will not necessarily be found "culpable", [sic] but may be only in error or unable to prove his case. This distinction also applies to the fifth factor the relative merits of the parties' positions since a plaintiff's culpability is determined by the lack of merit of his suit, while a defendant's culpability is determined by actions prior to suit.
> Second, when an employee sues an employer, the employer often will be in a position to pay its own legal fees while the employee will be hard pressed to pay both his own and the employer's fees. . . . Thus, the "ability to pay" factor will rarely weigh in favor of an award of attorneys' fees to a defendant.
> Similarly, the third factor, deterrence, generally will not justify an award of attorneys' fees to defendants. Although an assessment of attorneys' fees against a plaintiff certainly would be a strong deterrent against bringing a frivolous action, it generally is sufficient that plaintiff bears his own attorneys' fees and costs to deter institution of a frivolous or baseless suit. Deterrence is achieved against employers, on the other hand, because they will have added incentive to comply with ERISA, rather than facing suits for compliance, if they know that they may have to pay plaintiffs' attorneys' fees, in addition to the costs of compliance and their own legal fees.
> Finally, the benefit of the suit to all participants in an ERISA plan or the resolution of a significant legal question under ERISA is also primarily relevant only to whether plaintiffs should be awarded attorneys' fees. Plaintiffs will have added incentive to bring suits that benefit all plan beneficiaries and to enforce the policies behind ERISA if their attorneys' fees will be paid by defendants. Of course, sometimes a defendant may establish an interpretation of ERISA that clarifies the law or benefits ERISA plan beneficiaries, if not the plaintiff. But, in general, the fourth factor is significant in determining the benefits conferred in a suit brought by ERISA plaintiffs, rather than the benefits of dismissing a meritless ERISA suit.
> In summary, we find that although § 1132(g)(1) does not explicitly differentiate between plaintiffs and defendants, a court will seldom abuse its discretion by refusing to award attorneys' fees and costs to a defendant.

*Marquardt v. N. Am. Car Corp.* 652 F.2d 715, 720-21 (1981)(footnotes omitted).

The Court agrees with the Seventh Circuit's analysis in *Marquardt* and its conclusion that "the weighing of the relevant factors seldom will justify assessment of attorney's fees . . . against

plaintiffs." 652 F.2d at 720-21 & n.7. Although Dr. Lafayette was unable to prove her case and did not prevail on her claim for disability benefits, the Court does not find that her suit was so lacking in merit to be frivolous or brought in bad faith or for the purpose of harassing Standard. Thus, although the relative merit of the parties' positions weighs in Standard's favor, the Court does not find Plaintiff culpable.

As to Plaintiff's ability to personally satisfy an award of fees, the Court notes that although she is an experienced physician, she has not worked since 2004, electing to stay home with her children, and has no current plans to return to the practice of medicine. (*See* Pl.'s Supplemental Resp./Am. Resp. by Interlineation (Docket No. 69), Pl.'s Aff. ¶¶ 3,4.) This factor, then, weighs slightly in Plaintiff's favor, especially in light of the fact that she already has borne the expense of compensating her own attorneys in her losing cause.

The third factor, too, weighs against an award of attorney's fees. The Court does not believe that an award against Plaintiff, who acted only for her own benefit and not on behalf of any others similarly situated, would deter others from bringing non-meritorious suits in the future. Rather, the Court is concerned about the opposite effect: that such an award might well discourage those with a good faith belief that they unlawfully have been denied benefits from bringing a claim, out of fear that they might have to pay not only their own attorney, but also the attorney's fees of their benefit provider.

Finally, this case did not involve any significant legal issues regarding ERISA. It was resolved on facts specific to this dispute, under well-settled standards, with little, if any, benefit to all plan participants and beneficiaries. This factor, too, weighs against an award of fees. Thus, having

considered the five *Gordon* factors, the Court finds that an award of attorney's fees to Defendant is not warranted.

Comparison of the circumstances of this matter with cases cited by Defendant, also supports the Court's conclusion.  For example, in *Seitzman v. Sun Life Assurance Co. of Canada, Inc.*, 311 F.3d 477 (2d Cir. 2002), the physician plaintiff's behavior was especially egregious, even perjurious. The district court "declined to credit most, if not all, of Dr. Seitzman's testimony, citing his demeanor and false statements he made in employment applications, claim forms, and a sworn pleading filed in state court," *id.* at 483-84, and plaintiff "presented testimony that was found to be deliberately false as to the most material points, in a trial context that reflected other statements by him on material matters that were at best misleading," *id.* at 485.  Thus, although the Fifth Circuit reaffirmed its "warning"

> that ERISA's purpose of "promot[ing] the interests of plan beneficiaries and allow[ing] them to enforce their statutory rights . . . often counsels against charging fees against ERISA beneficiaries since private actions by beneficiaries seeking in good faith to secure their rights under employee benefit plans are important mechanisms for furthering ERISA's remedial purpose,"

*id.* at 485 (alterations and omissions in original)(quoting *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000)); and emphasized that

> [t]he deterrence factor should be used "as a shield, to protect beneficiaries from the fear of having to pay to pursue an important ERISA claim in the event of failing to prevail," and not "as a sword to discourage beneficiaries" from pursuing certain meritless claims,

*id.* at 486 (quoting *Gibbs v. Gibbs*, 210 F.3d 491, 505 (5th Cir. 2000)), it affirmed the lower court's award of attorney's fees to defendant.  In light of the then-retired plaintiff's "ability to pay, and the

need to avoid over-deterrence," the appellate court also affirmed the amount of the award, in excess of $100,000, half of the reasonable fees requested defendant requested, *Id.* at 487-88.

Similarly, Dr. Lafayette's culpability does not approach that of the plaintiffs in *Vintilla v. U.S. Steel Corp. Plan for Employee Pension Benefits*, 642 F. Supp. 295 (W.D. Pa. 1986), 815 F.2d 697 (3d Cir. 1987). While the court did not ascribe bad faith to plaintiffs' efforts, it did find elements of culpability attributable to plaintiffs' proceeding with "a highly speculative venture" in light of strong adverse precedent, filing their suit in the wrong venue, improperly naming a party defendant, and "attempting to thwart . . . removal to [the proper] district by extraordinary appellate procedures," all "ill considered actions." *Id.* at 296-97. "[I]n the final analysis," the court described plaintiffs' suit as "an attempt to receive the same benefits twice, . . . 'double dipping.'" *Id.* 297. Thus, the court awarded defendant fees of $44,206.48, finding plaintiffs well able to pay this amount due to the large lump sum severance payment they had already received, in excess of $3,000,000.00, which "[t]hey had hoped to recover . . . again from the Pension Plan." *Id.*

Other cases cited by Standard also are distinguishable. Defendant cites to *Baker v. Greater Kansas City Laborers Welfare Fund*, 716 F. Supp. 1229 (W.D. Mo. 1989)(*Baker II*), for the proposition that attorney's fees in favor of a defendant may be apportioned between both a plaintiff and his attorney when an ERISA case is found to be frivolous, but it is the underlying facts of the court's earlier decision, 699 F. Supp. 210 (*Baker I*), that bear examination. In *Baker I*, plaintiff sought reimbursement for medical expenses incurred by himself and his son, even though he had previously been notified by the welfare fund that his coverage was terminated, because he did not meet the number of employment hours required by the Plan, and that he must make self-payment in order to maintain eligibility, which he did not do. *Id.* at 211. After his claims were denied on grounds

that he was ineligible, he brought suit, arguing that it was unfair that his benefits were totally denied when he was only 4.5 hours short for the 12 month period and that he had been disabled during part of the period. *Id.* at 212. He also maintained that the provisions of the plan were inequitable because the trustees considered only the literal terms of the rules and regulations and were not forced to consider his disability credit hour claim. *Id.* at 212-13. The Court found that plaintiff continued litigating his claim even "after it was clearly apparent that it was without merit." *Baker II*, 716 F. Supp. at 1230. Rather than properly raising any challenge to the trustees' eligibility decision, the issues he raised were either irrelevant (whether the plan was "fair") or had never been presented to the trustees in the first place (claimed disability). *Id.* Similarly, the plaintiff in *Evans v. Blue Cross and Blue Shield of S.C.*, against whom attorney's fees were awarded, knew prior to incurring medical costs for voluntary radial keratotomy surgery that it would not be covered by her ERISA plan. 834 F. Supp. 887, 895 (D.S.C. 1993). Not only had the plan so informed her, but even her doctor had told her that he did not believe the surgery would be covered. *Id.* Both of these plaintiffs clearly knew before seeking reimbursement, much less before bringing suit, that their claims had no merit, certainly more egregious behavior than that of Dr. Lafayette, who merely failed to provide sufficient evidence of her disability.

Finally, while the Seventh Circuit affirmed an award of fees pursuant to ERISA against both the plaintiff and her counsel in *Little v. Cox's Supermarkets*, the district court made the award while "entertain[ing] a "modest presumption' that prevailing parties are entitled to a reasonable attorney's fee." 71 F.3d 637, 644 (7th Cir. 1995). The "overwhelming majority of circuits that have considered this issue[, however, have] concluded that the presumption should not be employed in ERISA cases," *Martin v. Ark. Blue Cross and Blue Shield*, 299 F.3d 966, 971-72 (8th Cir. 2002), and although the

Tenth and Second Circuit "have not considered and expressly rejected it," they, too, do not use the presumption, *id.* at 970.

Although it well may be that an award of fees against an individual ERISA participant parallels situations in which sanctions may be assessed under FED. R. CIV. P. 11, *see* Bruce, *supra* at 745-46, the Court does not accept Defendant's invitation to engage in such an analysis at this stage of these proceedings. The time for Standard to have argued for sanctions was at the time of any alleged infraction, following the procedures provided in Rule 11, and the Court will not now undertake a protracted analysis of exchanged correspondence or an in-depth examination of the course of settlement negotiations between the parties.

In any case, Standard itself did not prevail with respect to every position it took in this matter. Standard complains about having had to bear the cost of removing this case to federal court and moving for dismissal of state-law claims. In fact, its motion to dismiss was granted only in part, (*see* Memorandum Opinion and Order (Docket No. 32), filed Nov. 3, 2004), and removal certainly was not required, as state courts enjoy concurrent jurisdiction of actions brought under § 1132(a)(1)(B), *see* 29 U.S.C. § 1132(e)(1).

The Court does not mean to imply in any way by the foregoing discussion that it finds merit in Plaintiff's case or condones all conduct of her counsel in these proceedings. These circumstances here, however, do not rise to the level calling for an award of fees.

Finally, although not argued by the parties, the Court finds that Standard's Motion is untimely, presenting an alternative basis for its denial. Pursuant to Rule 54, "[u]nless otherwise provided by statute or order of the court, [a] motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment." FED. R. CIV. P. 54(d)(2)(B). Although ERISA does not provide an alternate

9

time limit for filing the motion, the Local Rules of the District of New Mexico do: "A motion for attorney's fees . . . must be *filed and served within thirty (30) calendar days* after entry of judgment." D.N.M.LR-Civ. 54.5(a)(emphasis added).

The Court entered its Final Judgment in this case on July 27, 2005, (Docket No. 62). Although Defendant certifies that it mailed its Motion to Plaintiff on August 26, 2005, (Def. Standard's Mot. Att'ys' Fees at 16), the Motion was not filed with the Court until August 29th, three days beyond the 30-calendar day deadline, (*see* file date entry for Docket No. 65 on Court's electronic docket sheet). *See Meadows v. Cagle's, Inc.*, 954 F.2d 686, 694 (11th Cir. 1992)(affirming district court's denial of award of attorney's fees under ERISA for failure to comply with local rule requiring motion to be filed within twenty days after entry of judgment).

**IT IS HEREBY ORDERED** that Defendant Standard Insurance Company's Motion for Attorneys' Fees Under ERISA, 29 U.S.C. §1132(G) (Docket No. 65) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**